IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HECTOR CASTRO, : Civil No. 3:21-cv-1785
:
    Petitioner : (Judge Mariani)
:
v. :
:
HOMELAND SECURITY, :
:
    Respondent :

## MEMORANDUM

Petitioner Hector Castro ("Castro"), an inmate presently confined at the Federal Correctional Complex, Allenwood, in White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking a bond hearing before an immigration judge. (Doc. 1). For the reasons that follow, the Court will dismiss the habeas petition without prejudice.

**I.**     **Background**

Castro is a native and citizen of Guatemala who was admitted to the United States on or about September 1, 1988. (Doc. 10-1, p. 4). His status was adjusted to lawful permanent resident on December 1, 1990. (*Id.*). On January 26, 2005, Castro's application for naturalization was denied for failure to establish good moral character for lying under oath. (*Id.*). On June 12, 2013, his application for naturalization was administratively closed for failure to appear. (*Id.*).

On June 13, 2013, Castro was convicted of Conspiracy to Possess with Intent to Distribute Five Kilograms or more of Cocaine in the United States District Court for the Southern District of Florida. (*Id.*). He was sentenced to 240 months' imprisonment. (*Id.*). His release date is August 25, 2029. (Doc. 10-2, p. 2).

On September 16, 2021, Castro filed the instant habeas petition seeking a bond hearing before an immigration judge. (Doc. 1). Respondent seeks dismissal of the petition because Castro is presently in custody pursuant to his criminal conviction and is not in the custody of the United States Immigration and Customs Enforcement ("ICE"). (Doc. 10). The petition is ripe for disposition.

## II.  Discussion

In order to invoke habeas corpus jurisdiction under § 2241, Castro must demonstrate that he is "in custody" pursuant to an ICE detainer. 28 U.S.C. § 2241(c); *see also Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Chong v. District Director, INS*, 264 F.3d 378, 383 (3d Cir. 2001). "According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in ICE custody simply because the ICE has lodged a detainer against him with the prison where he is incarcerated." *Adams v. Apker*, 148 F. App'x 93, 95, 2005 WL 2082919, *2 (3d Cir. 2005); *Green v. Apker*, 153 F. App'x 77, 79 (3d Cir. 2005) (petitioners may only obtain habeas corpus relief pertaining to ICE detainers if they are in custody pursuant to those detainers). The United States Court of Appeals for the Third Circuit has uniformly held that detainees are not in custody

pursuant to ICE detainers when they are still serving separate criminal sentences in state or federal prison. See id.; *Korac v. Warden Fairton FCI*, 814 F. App'x 722, 723 (3d Cir. 2020); *Mundo-Violante v. Warden Loretto FCI*, 654 F. App'x 49, 51 (3d Cir. 2016); *James v. Dist. Att'y York Cty.*, 594 F. App'x 66, 66 (3d Cir. 2015).

At this point in time, Castro is not in ICE custody. He is serving a criminal sentence imposed by the United States District Court for the Southern District of Florida and is not in custody based upon any ICE detainer. Thus, the Court does not have jurisdiction over the instant habeas petition.

### III. Conclusion

For the foregoing reasons, Castro's petition for writ of habeas corpus will be dismissed without prejudice. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December 21, 2021